564

Argued October 3, affirmed October 23, 1963

# TRUSTEES OF THE PRESBYTERY OF
# WILLAMETTE *v.* HAMMER ET AL, NEAL
### 385 P. 2d 1013

*E. L. Crawford,* Salem, argued the cause for appellants. On the briefs were Crawford & Garrett, Salem.

*R. W. PicKell,* Salem, argued the cause and submitted a brief for cross-appellant Neal.

*Al J. Laue,* Salem, argued the cause for respondents. With him on the brief were Williams & Skopil, Salem.

Before ROSSMAN, J., Presiding, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an appeal from a decree quieting title and removing a cloud from the title claimed by plaintiff.

Defendants assert that the title held by plaintiff is subject to a trust for the maintenance and upkeep of the Pleasant Grove Presbyterian Church and a contiguous cemetery.

The land in question was conveyed by Cyrenius and Jane Condit to the Trustees of Pleasant Grove Presbyterian Church, their successors and assigns forever. The deed contained no statement of trust purposes.

■■ The parol evidence rule presents no impediment to the establishment of a trust where the deed neither affirms or negates the intention to create a trust.[①] However, defendants must show that at the time the land was conveyed to the Trustees of the Pleasant Grove Presbyterian Church the grantors intended to create the trust which they now assert was created, i.e., a trust for the maintenance and upkeep of the church and cemetery.

■ The conveyance to the ''trustees'' of the church in this case clearly shows that the trustees were not intended to have a beneficial interest in the property. Although not expressly recited in the deed, the transfer was made for the benefit of the church. In that sense a trust was created. However, a trust in this sense would not require the trustees of the church or their successors to hold the property for specific uses (e.g., cemetery uses) or to use the proceeds for the specific purpose of maintaining the Pleasant Grove church or the cemetery; the church would be free to sell the property if it chose to do so, using the proceeds for any church purpose it saw fit.

---

[①] The rule is stated in 1 Restatement, Trusts, § 38(3) (1935):

"(3) If the owner of property transfers it inter vivos to another person by a written instrument in which it is not declared that the transferee is to take the property for his own benefit or that he is to hold it in trust, extrinsic evidence may be admitted to show that he was intended to hold the property in trust either for the transferor or for a third party."

■ To establish a specific trust of the property for the maintenance and upkeep of the Pleasant Grove church and cemetery defendants rely upon an affidavit of Henry B. Condit, an heir of the grantors. The affidavit executed some 45 years after the deed sets forth the affiant's personal knowledge of the conveyance and asserts that the property involved in the present litigation was conveyed expressly in trust, the rents and profits accruing therefrom to be used for the maintenance of the Pleasant Grove church and cemetery.

■ The affidavit is simply hearsay evidence. Even if it were not, the bare assertion by a third person that the grantor's purpose in making a conveyance was to create a trust would not, in itself, be sufficient to establish the trust. A trust can only be created by the grantors and their intent to do so must be manifested by them prior to or contemporaneously with the conveyance.[2]

■ Moreover, since the subject matter of the alleged trust in this case is land, the Statute of Frauds (ORS 93.020) would require that it be evidenced by a memorandum signed by the grantors prior to or at the time of the transfer.[3] There is no evidence of this character in the present case.

---

[2] Marquart v. Dick, 210 Or 459, 310 P2d 742 (1957); Fellman v. Fellman, 80 Or 169, 156 P 792 (1916).

[3] The rule is stated in 1 Restatement, Trusts, § 42 (1935):

"Where the owner of an interest in land transfers it inter vivos to another person in trust, a memorandum properly evidencing the trust is sufficient to satisfy the requirements of the Statute of Frauds, if it is signed

"(a) by the transferor prior to or at the time of the transfer; or

"(b) by the transferee
    "(i)  prior to or at the time of the transfer; or
    "(ii)  subsequent to the transfer but before he has transferred the interest."

■ We hold that the land in question was not subject to a specific trust as contended by defendants.

■ Defendants next argue that there is no proof that title passed from the Trustees of the Pleasant Grove Presbyterian Church to plaintiff Trustees of the Presbytery of Willamette. The Trustees of the Pleasant Grove Presbyterian Church took title in their representative capacity on behalf of the church. Whether the title is deemed to have vested in the trustees individually in their representative capacity or to have passed to the Pleasant Grove Presbyterian Church as an entity is immaterial. In either case the title passed to the plaintiff. At the time the deed was executed to the Trustees of the Pleasant Grove Presbyterian Church it was an unincorporated association. In 1914 the Pleasant Grove Presbyterian Church was incorporated. When a church incorporates is succeeds to the rights of the unincorporated body including the title to land held by church trustees.[4]

■ The incorporated Pleasant Grove Presbyterian Church was later dissolved. At the time it was a member of the United Presbyterian Church in the United States of America. Reverend D. Hugh Peniston, pastor of the First Presbyterian Church of Cottage Grove, and secretary-treasurer of plaintiff Presbytery, testified that under the constitution of the United Presbyterian Church when a member church is dissolved the property falls under the control of the Presbytery which, in this case, would be the Pres-

---

[4] Street v. Pitts, 238 Ala 531, 192 So 258 (1939); Walker v. McPherson, 199 Ala 486, 74 So 449 (1917); Gewin v. Mt. Pilgrim Baptist Church, 166 Ala 345, 51 So 947 (1910); Community Volunteer Fire Co. v. City Nat. Bank, 171 Misc 1027, 14 NYS2d 306 (1939).

See, contra, Bolshanin v. Zlobin, 76 F Supp 281 (D.C. Alaska 1948); Beckwith v. St. Philip's Parish, 69 Ga 564 (1882).

bytery of Willamette. In the testimony as to the Presbyterian form of church government, it was explained that the presbyteries (such as the Presbytery of Willamette) "hold ultimate title to all of the properties of the churches within that area" (i.e., the area over which the Presbytery has jurisdiction). The manner in which title to church property is held within the Presbyterian Church organization could have been made more explicit by reference to the Constitution of the United Presbyterian Church in the United States of America but we consider the testimony explaining the manner in which property is held within the church organization sufficient to show a devolution of title from the dissolved Pleasant Grove Presbyterian Church corporation to plaintiff Presbytery.[6]

The decree of the lower court is affirmed.

---

[6] Cf., Presbytery of Bismarck v. Allen, 74 N D 400, 22 NW2d 625 (1946); Presbytery of Huron v. Gordon, 68 S D 228, 300 NW 53 (1941).